229 F.2d 735
 BETHLEHEM STEEL COMPANY, Plaintiff-Appellant,
v.
Frank A. CARDILLO, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District, Defendant-Appellee.
 No. 206.
 Docket 23819.
 United States Court of Appeals Second Circuit.
 Argued December 22, 1955.
 Decided January 11, 1956.
 
 Cravath, Swaine & Moore, New York City (Albert R. Connelly and Donald H. Rivkin, New York City, of counsel), for appellant.
 Leonard P. Moore, Brooklyn, N. Y., Stuart Rothman, Ward E. Boote, Herbert P. Miller, Washington, D. C. (Elliott Kahaner, Brooklyn, N. Y., of counsel), for appellee.
 Before FRANK, HINCKS and LUMBARD, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 Plaintiff brought this action to set aside an award of compensation, under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The Deputy Commissioner had awarded Philip McDermott compensation for loss of hearing resulting from his employment for fifteen years as a boiler-maker. Plaintiff's complaint alleged that McDermott's impairment of hearing "did not result in any incapacity to earn the wages which he was receiving at the time of the injury." Defendant's answer did not deny this allegation. Plaintiff made a motion for judgment on the pleadings, and defendant made a cross-motion for summary judgment. The district judge denied plaintiff's motion, granted defendant's, and entered judgment for defendant. Plaintiff has appealed.
 
 
 2
 We affirm. The judgment is clearly governed by our recent decision in Travelers Insurance Company v. Cardillo, 2 Cir., 225 F.2d 137. The loss of hearing is covered by Section 908(c) (13) and is thus one of the "schedule losses" set forth in Section 908. In Travelers we held that, as to any schedule loss, there is a conclusive presumption of loss or reduction of wage-earning capacity.
 
 
 3
 Plaintiff relies on Iacone v. Cardillo, 2 Cir., 208 F.2d 696. But in the Travelers Insurance case, 225 F.2d at page 144, we distinguished Iacone, saying, "In that case, the use of the eye was lost long prior to the industrial accident upon which the claim was founded, and, consequently, we stated that `Industrially, claimant lost nothing by the second injury.' In effect, we held that the Congress did not contemplate compensation for the loss of a previous sightless eye when it made provision for scheduled awards in 33 U.S.C.A. § 908(c) (5)." In other words, in Iacone we held not, as the appellant here suggests, that a schedule loss is compensable only on proof of loss of earning capacity, but rather that the loss of a sightless eye was not a schedule loss under § 908(c).
 
 
 4
 Affirmed.